IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

STACEY L. SHWAYDER, a Colorado resident;

    Plaintiff,

v.

COZAD CITY SCHOOL DISTRICT NO. 11, a Nebraska
political subdivision; CITY OF COZAD, a Nebraska
political subdivision; COZAD COMMUNITY SCHOOLS,
a Nebraska political subdivision; and TIMOTHY J. NOVACEK,
a Nebraska resident;

    Defendants.

## COMPLAINT

Plaintiff, Stacey Shwayder, for her Complaint, states as follows:

### JURISDICTION AND PARTIES

1. Plaintiff Stacey L. Shwayder was at all times material herein a resident of the State of Colorado.

2. Defendant Cozad City School District No. 11 is a Nebraska political subdivision as defined by Neb. Rev. Stat. § 13-903.

3. Defendant City of Cozad is a Nebraska political subdivision as defined by Neb. Rev. Stat. § 13-903.

4. On information and belief, Defendant Cozad Community Schools is a Nebraska political subdivision as defined by Neb. Rev. Stat. § 13-903.

5. Defendant Timothy J. Novacek was at all times material herein a resident of the State of Nebraska.

1

6. Jurisdiction is proper under 28 U.S.C. § 1332, which provides that this Court has original subject matter jurisdiction over claims between citizens of different States where the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Jurisdiction and venue are proper pursuant to Neb. Rev. Stat. § 13-907, which provides: "Jurisdiction, venue, procedure, and rights of appeal in all suits brought under the Political Subdivisions Tort Claims Act … shall be determined in the same manner as if the suits involved private individuals, except that such suits shall be heard and determined by the appropriate court without a jury."

## FACTS AND DAMAGES

8. On June 21, 2019, Timothy J. Novacek ("Novacek") was an employee of Cozad City School District No. 11, the City of Cozad, and/or Cozad Community Schools (collectively referred to herein as "Cozad").

9. Acting in the course and scope of his employment, Novacek drove a 2015 Chevy van owned by Cozad eastbound on East Jefferson Avenue in Englewood, Colorado.

10. At the same time and place, Stacey Shwayder drove a 2019 Honda CRV westbound on East Jefferson Avenue in the third lane.

11. Novacek entered the left turn lane with the intent to turn north onto South Ogden Street.

12. Traffic was heavy in the first and second eastbound lanes of East Jefferson Avenue.

13. Novacek proceeded to make the left turn through the stopped traffic in the first and second lanes.

14. As Novacek drove the van into the third lane, he entered into Shwayder's right of way.

15. Despite traveling at a reasonable speed for the traffic conditions, Shwayder did not have time to stop or otherwise avoid a collision with right side of the van.

16. Shwayder's vehicle collided with the van at a high rate of speed and with great force resulting in severe injuries, damages, and losses.

17. The responding City of Englewood police officer cited Novacek for "ROW LEFT TURN," failing to yield the right of way when making a left turn.

## FIRST CLAIM FOR RELIEF
### Negligence

18. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

19. Plaintiff brings her claims against all Defendants pursuant to the Nebraska Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-901, *et seq*.

20. Defendant Novacek owed Plaintiff a duty of care to operate a motor vehicle in a reasonable and safe manner.

21. Defendant Novacek breached his duty of care by failing yield the right of way to Plaintiff.

22. As a result of the collision and Defendant Novacek's negligence, Plaintiff sustained severe injuries and suffered damages and losses in an amount to be proven at trial.

23. As Defendant Novacek was acting in the course and scope of his employment with Cozad, Cozad is variously liable for Defendant Novacek's negligent conduct.

24. As required by Neb. Rev. Stat. § 13-919(1), Plaintiff submitted a claim to Cozad within one (1) year of the date the claim accrued.

25. Cozad did not issue a final determination of Plaintiff's claim.

26.     Accordingly, Plaintiff withdrew her claim from "the consideration of the governing body" in writing as contemplated by Neb. Rev. Stat. § 13-906, permitting her to "begin suit."

## SECOND CLAIM FOR RELIEF
### Negligence *per se*

27.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

28.     C.R.S. § 42-4-702 states in pertinent part:

> The driver of a vehicle intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard. Any person who violates any provision of this section commits a class A traffic infraction.

29.     C.R.S. § 42-4-702 was enacted to protect Plaintiff and the public as a whole from harm.

30.     Defendant Novacek violated this provision by failing to yield the right of way to Plaintiff during his left turn attempt.

31.     Defendant Novacek's violation of C.R.S. § 42-4-702 resulted in the kind of harm from which this statute was intended to protect Plaintiff.

32.     As a result of Defendant Novacek's violation of C.R.S. § 42-4-702, Plaintiff sustained severe injuries and suffered damages and losses in an amount to be proven at trial.

33.     As Defendant Novacek was acting in the course and scope of his employment with Cozad, Cozad is variously liable for Defendant Novacek's violation of this statute.

WHEREFORE, Plaintiff prays that this Court enter judgment in her favor and against Defendants, jointly and severally, for actual economic and noneconomic damages, permanent impairment, interest, costs, attorney fees, and all other relief this Court deems just and proper.

Respectfully submitted this 18th day of June, 2021.

**OGBORN MIHM, LLP**

*/s/Michael P. Cross*
Michael Ogborn, Reg. No. 20932
Michael P. Cross, Reg. No. 38294
1700 Lincoln Street, Suite 2700
Denver, CO 80203
Telephone: 303-592-5900
Facsimile:  303-592-5910
Email:  *Mike.Cross@OMTrial.com*
            *Mike.Ogborn@OMtrial.com*
*Attorneys for Plaintiff*

Plaintiff's Address:
7420 E. Quincy Avenue
Denver, Colorado 80237